Camden First National Bank and Trust Co. *v.*
Cancelmo et al., Appellants.

Argued May 14, 1935.   Before SIMPSON, KEPHART,
SCHAFFER, MAXEY, DREW and LINN, JJ.

*Maurice J. Friedman,* for appellants.

*C. M. Butterworth, Jr.,* for appellee.

PER CURIAM, June 29, 1935:

Defendants appeal from judgment in a mortgage fore-
closure.   They had borrowed various sums from plain-
tiff and, on April 27, 1929, gave their collateral note for
$35,000, the amount then owing (since reduced to $33,-

500). The security consisted of two items: (1) defendants' bond and mortgage to plaintiff in the sum of $27,-500 on real estate in Philadelphia, and (2) the assignment to plaintiff of a note and mortgage to defendants on property in Oregon, made by one Hill and wife.

On April 11, 1932, defendants were in default to plaintiff, and the Hills were in default to defendants. Instead of requiring plaintiff to foreclose the pledge of the note and mortgage before proceeding upon the mortgage itself, plaintiff and defendants executed a written agreement providing that the Hill mortgage (item 2, above) should be foreclosed under plaintiff's direction "as though the . . . [plaintiff] . . . was the absolute owner," with leave to plaintiff to purchase and take title to the mortgaged premises, but without requirement to do so. The agreement also provided that, if plaintiff became the purchaser, "it agrees to credit on account of any indebtedness due it by the parties of the first part by reason of said note above referred to any net sum actually realized by it in cash from the sale of said property." At the foreclosure, the plaintiff purchased the property for $24,000, and at the time of the trial still held it subject to the agreement. The parties also agreed that plaintiff "shall have the same rights with respect to" the Philadelphia mortgage (item 1, above).

In their affidavit of defense to the scire facias, defendants set up an alleged later parol agreement providing how the property should be bid in, and alleged that, in consequence, the Philadelphia mortgage in suit should be satisfied. In effect, the defense is that the plaintiff agreed to release the security, item 1, and to rely only on item 2. Judgment for plaintiff was entered on the ground that the evidence did not sustain defendants' contention that plaintiff had agreed to look only to the Oregon property. The details need not be stated; we all agree, for the reasons set forth by the learned trial judge, that the suggested defense was not made out.

Judgment affirmed.